OPINION
{¶ 1} The defendant-appellant, William Richard Cole, Jr. ("Cole"), appeals the February 3, 2006 Judgment of conviction and sentenced entered in the Court of Common Pleas, Defiance County, Ohio.
 {¶ 2} On December 5, 2002, Cole was indicted by the Defiance County Grand Jury on two counts of Grand Theft, in violation of R.C. 2913.02(A)(1), felonies of the fourth degree and two counts of Theft, in violation of R.C. 2913.02(A)(1), felonies of the fifth degree. On April 10, 2003, the trial court filed its judgment entry regarding the March 28, 2003 hearing accepting Cole's guilty pleas to guilty to Count Two of the Indictment for the offense of Grand Theft and guilty to Count Three of the Indictment for the offense of Theft. On May 19, 2003, the trial court filed its judgment entry regarding the sentencing hearing held on May 15, 2003. Cole was sentenced to Community Control Sanctions for a period of four years with a reservation of a term of twenty-eight months basic prison term in the event of a violation of Community Control.
 {¶ 3} On January 25, 2005, a Journal Entry was filed establishing that Cole had absconded from supervision and absented himself from jurisdiction of the Court without permission. On January 26, 2005, the State filed a Motion to Revoke Community Control and for re-sentencing. On July 1, 2005, a bench warrant was issued for the arrest of Cole due to violations of his community control. On July 25, 2005, the trial court filed a Judgment Entry regarding the July 20, 2005 hearing on a Motion to Revoke Community Control establishing that a final adjudicatory hearing was to be held. On September 12, 2005, the trial court filed a Judgment Entry regarding the September 8, 2005 final adjudicatory hearing stating that Cole did violate the terms and conditions of his community control as alleged by the State. Therefore, the matter was continued for Disposition Hearing.
 {¶ 4} On February 3, 2006, the trial court filed a Judgment Entry regarding the January 30, 2006 hearing holding that Cole's community control shall be revoked and the previously reserved term of twenty-eight months of imprisonment with the Ohio Department of Rehabilitation and Correction at Orient, Ohio shall be imposed. Furthermore, it was ordered that the term of imprisonment imposed shall be served consecutively with the term of imprisonment imposed in State v. William Richard Cole, Jr.,
Defiance County No. 05CR09308, for a total aggregate term of eighty-eight months of imprisonment.
 {¶ 5} On February 24, 2006, Cole filed his notice of appeal raising the following assignment of error:
THE TRIAL COURT COMMITTED AN ERROR OF LAW BY NOT IMPOSING THESHORTEST SENTENCE.
 {¶ 6} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender. Foster, 2006-Ohio-856, at ¶ 97, 103. Pursuant to the ruling in Foster, Cole's sole assignment of error is sustained. Therefore, Cole's sentence is vacated and the case is remanded for further proceedings.
Judgment Vacated and Cause Remanded.
 Rogers and Cupp, J.J., concur.