OPINION
{¶ 1} Defendant-Appellant, William Richard Cole, Jr., appeals the judgment of the Defiance County Court of Common Pleas sentencing him to more than the minimum prison term. On appeal, Cole argues that his due process rights were violated by the felony sentencing statutes set forth in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Finding that Cole's due process rights were not violated, we affirm the judgment of the trial court.
 {¶ 2} In July 2005, the Defiance County Grand Jury indicted Cole for one count of complicity in the commission of involuntary manslaughter in violation of R.C. 2923.03(A)(2) and 2903.04(A), a felony of the first degree, and one count of complicity in the commission of felonious assault in violation of R.C. 2923.03(A)(2) and 2903.11(A)(1), a felony of the second degree. Subsequently, Cole entered a plea of not guilty to both counts of the indictment.
 {¶ 3} In December 2005, Cole waived indictment and consented to prosecution by information. Subsequently, Cole withdrew his not guilty plea and entered a negotiated plea of guilty to the bill of information containing one count of complicity in the commission of involuntary manslaughter in violation of R.C. 2923.02(A)(2) and 2903.04(B), a felony of the third degree, and one count of assault in violation of R.C.2903.13(A), a misdemeanor of the first degree. *Page 3 
 {¶ 4} In February 2006, the trial court sentenced Cole to a five year prison term on the complicity in the commission of involuntary manslaughter count and to a six-month prison term on the assault count to be served concurrently to each other, but consecutively to a sentence in an unrelated case. Subsequently, Cole appealed his conviction and sentence.
 {¶ 5} In September 2006, this Court vacated the judgment and remanded the case to the trial court for resentencing pursuant to Foster inState v. William Richard Cole, Jr., 3d Dist. No. 4-06-09,2006-Ohio-4675.
 {¶ 6} In January 2007, the trial court resentenced Cole to a sentence identical to its February 2006 sentence.
 {¶ 7} It is from this judgment that Cole appeals, presenting the following assignment of error for our review.
 THE JUDICIALLY CREATED FELONY SENTENCING STATUTES PURSUANT TO STATE V. FOSTER VIOLATE THE DUE PROCESS CLAUSE.
 {¶ 8} In his sole assignment of error, Cole asserts that the judicially created felony sentencing statutes under Foster violate the due process clause. Specifically, Cole contends that Foster enlarged the sentencing statute because it gave the trial court complete discretion to impose any sentence, which violated his due process when applied retroactively to him. We disagree. *Page 4 
 {¶ 9} In Foster, the Ohio Supreme Court held that portions of the felony sentencing statutes requiring judicial factfinding before imposition of the maximum, more than the minimum, or consecutive sentences were unconstitutional and severed those portions.Foster at ¶ 100. Consequently, Foster determined that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Foster further stated that "[o]ur remedy does not rewrite the statutes, but leaves courts with full discretion to impose prison terms within the basic ranges of R.C.2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings [of fact] * * *" Id. at ¶ 102.
 {¶ 10} In State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, this Court found that Foster did not violate the due process clause. For the reasons set forth in McGhee, we find that Cole's argument lacks merit. Cole committed the crimes in issue after the United States Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, which indicated a major change in criminal sentencing law. Furthermore, the sentencing range for Cole's offenses, of which he had notice prior to the commission of the crimes, has remained unchanged. SeeMcGhee at ¶¶ 16, 20; R.C. 2929.14(A).
 {¶ 11} Accordingly, we overrule Cole's assignment of error. *Page 5 
 {¶ 12} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and PRESTON, JJ., concur. r *Page 1